UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASEY HENDERSON, | CASE NO. C25-5824JLR |
| Plaintiff, | ORDER |
| v. | |
| LVNV FUNDING LLC, | |
| Defendant. | |

Before the court is *pro se* Plaintiff Casey Henderson's motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  (Mot. (Dkt. # 9); Reply (Dkt. # 12).) Defendant LVNV Funding LLC ("LVNV") opposes the motion.  (Resp. (Dkt. # 10).) The court has reviewed the motion, the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Mr. Henderson's motion for sanctions.

Rule 11(c) imposes "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).  In particular, as Mr.

ORDER - 1

Henderson acknowledges (*see* Mot. at 1), Rule 11(c)(2) contains a "safe harbor" provision, which requires "that any motion for sanctions . . . be served on the offending party at least 21 days before the motion is filed with the court." *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (citing Fed. R. Civ. P. 11(c)(2)).  The Ninth Circuit mandates "strict compliance with Rule 11's safe harbor provision." *Id.* (citation omitted).  Failure to strictly comply with the safe harbor provision bars an award of sanctions under Rule 11(c).  *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (discussing the safe harbor provision).

Here, Mr. Henderson asserts that he served his motion on counsel for LVNV 21 days before filing it pursuant to Rule 11(c)(2).  (*See* Mot. at 1.)  Mr. Henderson, however, served the motion on Ben Mohandesi of Yu Mohandesi LLP, who apparently represents LVNV in a related state-court collections action, rather than on LVNV's counsel of record in this case, Robert E. Sabido of Sabido Law, LLC.  (*See id.* (stating the motion was served on Mr. Mohandesi); *see* Dkt. (listing only Mr. Sabido as LVNV's counsel in this case); *see also* Answer (Dkt. # 4) at 7 (including Mr. Sabido's signature and making no mention of Mr. Mohandesi); Sabido Decl. (Dkt. # 11) ¶¶ 2, 4 (stating that Mr. Sabido did not represent LVNV in the state-court action and that Mr. Henderson did not serve the motion on his firm before filing it).)  As a result, Mr. Henderson failed to satisfy Rule 11(c)(2) when he served his motion for sanctions on Mr. Mohandesi rather than on Mr. Sabido.  Because the Ninth Circuit does not authorize Rule 11 sanctions absent "strict

//

//

ORDER - 2

compliance" with the safe harbor provision, *see Islamic Shura Council*, 757 F.3d at 872, the court DENIES Mr. Henderson's motion for sanctions (Dkt. # 9).[1]

Dated this 20th day of March, 2026.

JAMES L. ROBART
United States District Judge

---

[1] Mr. Henderson states that he did not receive LVNV's response to his motion and only became aware of the response when he checked the electronic docket after the deadline to file his reply expired. (Reply at 1 n.1.)  The court recommends that Mr. Henderson register for e-filing so that he promptly receives notice of documents filed in his case.  Instructions for doing so are available on the court's website at:  https://www.wawd.uscourts.gov/representing-yourself-pro-se

ORDER - 3